IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

NOAH DIETCHWEILER, by MICHAEL )
DIETCHWEILER, his father and next friend; and )
ANN DIETCHWEILER, )
         )
        Plaintiffs, )
         )
vs. )         No. 13 CV 2062
         )         JURY TRIAL DEMANDED
STEVE LUCAS, in his official and individual )
capacities; JAMES BUNTING, in his official )
and individual capacities;  KENNETH LEE, )
in his official and  individual capacities; )
IROQUOIS  COUNTY COMMUNITY UNIT )
SCHOOL DISTRICT NO. 9, IROQUOIS )
COUNTY, ILLINOIS; JAMES BRUNS, in his )
official capacity DON BECKER, in his official )
capacity; BRENNA JOHNSON, in her official )
capacity; CRYSTAL BLAIR, in her official capacity; )
BOB BURD, in his official capacity; KIRK )
MCTAGGERT, in his official capacity; and )
DEE SCHIPPERT, in her official capacity, )
         )
        Defendants. )

## ANSWER TO COMPLAINT

    NOW COMES the Defendants, STEVE LUCAS, JAMES BUNTING,  KENNETH LEE,

IROQUOIS   COUNTY  COMMUNITY  UNIT  SCHOOL  DISTRICT  NO. 9,  IROQUOIS

COUNTY, ILLINOIS; JAMES BRUNS  DON BECKER,  BRENNA JOHNSON,   CRYSTAL

BLAIR,  BOB BURD,  KIRK MCTAGGERT and,   DEE SCHIPPERT,    by and through their

attorneys, LAW OFFICES OF LAWRENCE COZZI, and in answer to Plaintiff's Complaint, states

as follows:

## COUNT I

1.      At all times relevant hereto, NOAH DIETCHWEILER was a resident of Iroquois County, Illinois.

ANSWER: Defendants have insufficient information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      At all times relevant hereto, STEVE LUCAS was employed as a Dean of Students at Watseka High School with Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      At all times relevant hereto, JAMES BUNTING was employed as Principal of Watseka High School with Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      At all times relevant hereto, KENNETH LEE was employed as the Superintendent of Watseka High School with Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      At all times relevant hereto, Defendants, JAMES BRUNS, in his official  capacity; DON BECKER,  in his official capacity; BRENNA JOHNSON, in her official capacity; CRYSTAL BLAIR in her official capacity; BOB BURD, in his official capacity; KIRK McTAGGERT, in his

official capacity; and DEE SCHIPPERT, in her official capacity, were members of the Board of Education of IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.    At all times set forth herein, the Defendants were operating and took action under color of state law; to-wit:  purportedly under the Illinois School Code, 105 ILCS 5/10-22.6.

ANSWER: Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.    The jurisdiction of this Court is proper pursuant to 42 U.S.C. §1983 based upon the following allegations that Plaintiff was deprived of his constitutional right to due process of law under the Fourteenth Amendment to the United States Constitution when he was suspended school without a hearing complying with the minimum procedural requirements of the Fourteenth Amendment to the United States Constitution.

ANSWER: Defendants admit to the existence of the statute in question but deny its applicability hereto as alleged in Paragraph 7 of Plaintiff's Complaint.

8.    On or about January 25, 2013, Defendants Bunting and Lucas began an investigation relating to a report that a student had brought prescription drugs to Watseka High School that day and was possibly distributing pills from such prescription medication  to other students.

ANSWER: Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.    During the course of the investigation by Defendants Lucas and Bunting, Defendants  Lucas and Bunting purportedly interviewed the student suspected of bringing the

prescription medication to school, and those Defendants claim that the student wrote the names of other students involved in an incident that occurred on January 25, 2013, and produced a piece of paper which contained Noah Dietchweiler's name, which such paper contained a list of students that purportedly owed him money.

ANSWER: Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint.

10.     Defendants Lucas and Bunting concluded that Noah Dietchweiler's name on one or more of the lists was evidence that Noah Dietchweiler had been provided with prescription medication pills at school.

ANSWER: Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Toward the end of the school day on January 25, 2013, Defendant Bunting and Lucas called Noah Dietchweiler to the office and interrogated Noah.  Neither Defendants Lucas nor Bunting told Noah Dietchweiler specifically the allegations that implicated him in the matter involving another student bringing prescription medication to school and providing such medication to other students and did not provide Noah Dietchweiler with a written statement  of the charges against him.  They specifically withheld revealing the existence of the lists and circumstances  related to them by the student they interviewed who brought the prescription drugs to school.

ANSWER:  Defendants admit that Defendants Bunting and Lucas had a meeting with  Noah Dietchweiler on January 25, 2013 but deny the remaining allegations contained in Paragraph 11.

12.     At the aforesaid meeting. Defendant Lucas, in the presence of Defendant Bunting, told Noah Dietchweiler that he knew all of the facts and that if Noah Dietchweiler did not admit to

possession and consumption of prescription medication not belonging to him that rather than being suspended (upon confession), Noah would be expelled (upon proclaiming innocence).

ANSWER: Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Noah replied to the choice of being suspended or expelled with a simple statement of "whatever" and ultimately signed the document attached hereto as Exhibit "1" as he was led to believe that action was the only way he would not be expelled and be able to make up work.

ANSWER: Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     The only reason that Noah Dietchweiler signed Exhibit "1" was the combination of failure to advise Noah of all of the evidence against him and false and coercive threats of Defendants Lucas and Bunting.

ANSWER: Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     After Noah Dietchweiler signed Exhibit "1", Plaintiff, Ann Dietchweiler (Noah's mother), was summoned to the Watseka High School office and notified that Noah Dietchweiler was being suspended for 10 days. Plaintiff, Ann Dietchweiler, asked that her husband and father of Noah be called (Michael Dietchweiler), and ultimately, there was a telephone conference on the office speaker phone in which Defendants Lucas and Bunting were present, Plaintiffs, Noah Dietchweiler and Ann Dietchweiler, were present, and Michael Dietchweiler participated on the telephone.  During that telephone conversation, no details of the alleged evidence against Noah Dietchweiler were disclosed, the existence of the lists were not disclosed, the claim that Noah

confessed to consuming pills the day before was not disclosed and they were led to believe all of Noah's alleged acts occurred on January 25, 2013, the threat of expulsion in the event of a claim of innocence was not disclosed, and Defendants Lucas and Bunting only indicated that Noah had cooperated.    The only purported written summary of evidence disclosed during the telephone conference was Exhibit "1".

ANSWER: Defendants admit that Defendants Lucas and Bunting contacted Plaintiff Ann Dietchweiler regarding Noah Dietchweiler's suspension.  Defendants further admit that Defendants Lucas and Bunting further had a telephone conference in which Michael Dietchweiler participated regarding Noah's suspension.  Defendants deny the remaining allegations contained in Paragraph 15.

16.     After the telephone conference aforesaid, Noah Dietchweiler returned home with his mother, and when confronted by his father as to the alleged basis for the suspension, Noah Dietchweiler revealed that he had not consumed drugs, had not been in possession  of drugs, and at that time revealed that before he had an opportunity to tell his story and without being told of the facts that implicated him, he had been coerced into signing the suspension under a threat that if he did not sign for a suspension that he would be expelled.

ANSWER: Defendants deny the allegations made in Paragraph 16 or Plaintiff's Complaint regarding the events which occurred in the Dietchweiler home.

17.     Noah Dietchweiler's father knew that if Noah in fact had been guilty of ingesting prescription medication that those drugs would still be in his system, and Noah was taken to a hospital where drug testing was done under Federal Aviation Administration chain of custody protocols, and those results revealed that Noah Dietchweiler had no drugs whatsoever in his

system, including   but not limited to the claimed prescription medication that Noah allegedly possessed and ingested.


ANSWER:  Defendants deny the allegations made in paragraph 17 of Plaintiff's Complaint


18.     The aforesaid results conclusively established that Noah Dietchweiler could not have been in possession  of drugs through ingestion of the same on January 25, 2013, or for several days before that.


ANSWER:  Defendants deny the allegations made in Paragraph 18 of Plaintiff's Complaint.


19.     When the results of the drug test were available, Noah Dietchweiler through his father supplied Defendant, KENNETH LEE, the Superintendent of Schools with the results of the drug testing, and initially, Superintendent Lee offered to meet with the family, but then abruptly refused to meet.  Between the time that Defendant Lee offered to meet and then refused to meet, on information  and belief, Plaintiffs allege that Defendant Lee provided Defendants Bunting and Lucas with the results of the drug testing and Defendants Bunting and Lucas then fabricated  an alleged confession by Noah for consumption of drugs the day previous to January 25, 2013, to support  upholding the suspension at the anticipated review hearing before the Board of Education, all with the intent to prejudice and surprise Noah Dietchweiler.


ANSWER:  Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.    Noah Dietchweiler, by his father and next friend, requested a suspension review hearing and, to prepare for that hearing requested certain information as delineated in the letter from Michael Dietchweiler attached hereto as Exhibit "2".

ANSWER: Defendants admit the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.    Defendant Lee and Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS, provided no information whatsoever in response to the letter from Michael Dietchweiler and ultimately sent a notice of scheduling a suspension review hearing before the Defendant, IROQUOIS COUN1Y COMMUNITY UNIT SCHOOL DISTRICT NO.9, IROQUOIS COUNTY, ILLINOIS, and a copy of that notice which contained no details of the evidence against Noah is attached hereto as Exhibit "3".

ANSWER: Defendant Lee and Defendants Iroquois County Community Unit School District No. 9 admit Exhibit 3 is a copy of the notice of review hearing but deny the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    Noah Dietchweiler retained counsel and through counsel received from attorney for the Defendant, IROQUOIS  COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS, a confirmation that Noah would not be provided with any pre-trial disclosures guaranteeing that Noah Dietchweiler's opportunity to respond to the allegations against him at the suspension review hearing could not be meaningful.  The response

from counsel was simply to deny providing any information under a blanket assertion that pre-trial discovery is not required in suspension matters, contrary to the clear constitutional mandate that pre-hearing notice of the charges and evidence against the accused student must be provided in sufficient detail to allow a meaningful defense. The blanket denial letter is attached hereto as Exhibit "4".

ANSWER: Defendants admit that Exhibit 4 is a letter from counsel for Defendant Iroquois County Community Unit School District No. 9, but deny the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Counsel for Noah Dietchweiler reminded Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS, of its obligation  to provide sufficient pre-hearing disclosures to allow for a meaningful presentation in light of the fact that the Defendants Lee, Bunting and Lucas had in their possession conclusive scientific evidence that Noah Dietchweiler could not have been guilty of ingesting the alleged prescription medication on or about January 25, 2013, and pre-trial disclosure of the evidence against Noah needed to be revealed to allow a meaningful defense (Exhibit "5"). No information was provided except the previous letter that Defendants Bunting and Lee would testify.

ANSWER:  Defendants admit that Exhibit 5 is a letter from Plaintiff counsel to counsel for Defendant Iroquois County Community Unit School District No. 9 but deny the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     A hearing was had before the Board of Education of the IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO.9, IROQUOIS COUNTY, ILLINOIS, on February 5, 2013, and attached hereto is a copy of the minutes of such meeting (the portion of the minutes relating to Noah is the portion relating to Student #10168) (Exhibit "6").  At the hearing, Defendants Bunting and Lucas acknowledged that the only written explanation  of the evidence against Noah Dietchweiler provided to the family was the Notice of Student Disciplinary Action attached hereto as Exhibit "1", but for the first time known to Noah Dietchweiler and his representatives, testimony  without supporting exhibits or documents was presented  by both Defendant Bunting and Defendant Lucas that the basis for the suspension was that Noah Dietchweiler confessed to possession and consumption of drugs before school began the day previous to the date of the investigation on January 25, 2013, and that Noah indicated he had taken the drugs hoping that they would provide assistance in his concentration or alleviating an ADD condition but that he felt they were more indicative of some type of a narcotic.

ANSWER:  Defendants admit that Exhibit 6 is a copy of minutes from a school board meeting held February 5, 2013. Defendants deny the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     The Defendants Lee, Bunting and Lucas intentionally withheld information that Lucas and Bunting were going to both testify that the claimed infraction happened on a different day than January 25, 2013, the day which all of the documentation to date, Exhibit "1" and the telephone conversation with the parents had revealed in spite of the request of Noah Dietchweiler's representatives for disclosure of information.

ANSWER: Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Noah Dietchweiler and his representatives had brought witnesses to the suspension review hearing to testify at the hearing as to the events of January 25, 2013, to supplement the conclusive scientific evidence already provided to all Defendants that Noah could not have possessed the alleged prescription pills by ingestion, but they were prejudiced and prevented from providing evidence in defense of Noah as to the claims of January 24, 2013, by the fact that ultimately the claims by the administrators at the high school were that Noah Dietchweiler was guilty of an infraction on the previous day in one or more of the following manners:  a)  a family member of the student who allegedly brought pills to school has informed Michael Dietchweiler after the suspension review hearing that the prescription was not filled for the pills taken to school until after the time of the alleged consumption of Noah on January 24, 2013, and Noah could have presented that evidence; b) Noah could have produced independent witnesses as to his whereabouts on January 24, 2013, at the time of the alleged consumption; c) Noah could have produced teachers, other students, family members, and other witnesses that Noah exhibited no symptoms of the alleged narcotic effect claimed by Defendants Bunting and Lucas to have been caused by ingestion of pills on January 24, 2013.

ANSWER: Defendants deny the allegations made in Paragraph 26 of Plaintiff's Complaint.

27.     The Defendants, JAMES BRUNS, in his official capacity; DON BECKER, in his official capacity; BRENNA JOHNSON, in her official capacity; CRYSTAL BLAIR, in her official capacity; BOB BURD, in his official capacity; KIRK McTAGGERT, in his official capacity; and DEE SCHIPPERT, in her official capacity, and the IROQUOIS COUNTY COMMUNITY UNIT

SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS, in spite of the fact that Noah Dietchweiler denied taking drugs the previous day, denied confessing to taking drugs the previous day and the Defendants having in their possession concrete scientific evidence that Noah Dietchweiler could not have ingested drugs on January 25, 2013, or January 24, 2013, and with knowledge that the Dietchweilers were not provided with the evidence against Noah relating to the alleged confession of ingesting drugs on January 24. 2013, until the hearing, the Defendant Board of Education upheld the suspension. After the hearing. the Board amended the charges to provide for mere possession rather than possession by consumption.

ANSWER:  Defendants admit that the suspension of Noah Dietchweiler was upheld but deny the remaining allegations contained in paragraph 27 of Plaintiff's Complaint.

28.    As a direct and proximate result of the violation of Noah Dietchweiler's procedural due process rights, Noah Dietchweiler has been improperly suspended from school and deprived of his property and liberty interests relating to his suspension from school and further sustained emotional distress and will sustain expenses in ultimately repeating his sophomore year at a private school.

ANSWER:  Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.    As a direct and proximate result of violation of Noah Dietchweiler's procedural due process rights, Noah was unable to present evidence and witnesses to rebut the fabricated statements of Defendants Lucas and Bunting that Noah confessed to ingesting drugs on January 24, 2013.

ANSWER: Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.


30.     Defendants Lucas, Bunting and Lee were motivated to deny production of the claimed evidence against Noah until the hearing to prevent Noah from having an opportunity to present evidence to rebut the fabricated claim of Noah's confession.

ANSWER: Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.


<u>COUNT II</u>

<u>(Pendent State Claim Violation of Procedures and Standard Required<br>to Suspend as Required by 105 ILCS 5/10-22.b(b))</u>


1.     At all times relevant hereto, NOAH DIETCHWEILER was a resident of Iroquois County, Illinois.


ANSWER:   Defendants have insufficient information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.


2.     At all times relevant hereto, STEVE LUCAS was employed as a Dean of Students at Watseka High School with Defendant, IROQUOIS COUNTY COMMUNITY  UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.


ANSWER: Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      At all times relevant hereto, JAMES BUNTING was employed as Principal of Watseka High School with Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      At all times relevant hereto, KENNETH LEE was employed as the Superintendent of Watseka High School with Defendant, IROQUOIS COUNTY COMMUNITY  UNIT SCHOOL DISTRICT  NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      At all times relevant hereto, Defendants, JAMES BRUNS, in his official capacity; DON BECKER,  in his official capacity; BRENNA JOHNSON, in her official capacity; CRYSTAL BLAIR, in her official capacity; BOB BURD, in his official capacity; KIRK McTAGGERT, in his official capacity; and DEE SCHIPPERT, in her official capacity, were members of the Board of Education of IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      At all times set forth herein, the Defendants purportedly took action resulting in suspension of Noah Dietchweiler under 105 ILCS 5/10.22(b) which provided in part:   "Any suspension shall be reported immediately to the parents or guardian of such pupil along with a full statement of the reasons for such suspension and notice of their right to a review."

ANSWER: Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      On or about January 25, 2013, Defendants Bunting and Lucas began an investigation relating to a report that a student had brought prescription drugs to Watseka High School that day and was possibly distributing pills from such prescription medication to other students.

ANSWER: Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      During the comes of the investigation   by Defendants Lucas and Bunting. Defendants Lucas and Bunting purportedly interviewed the student suspected of bringing the prescription  medication to school, and those Defendants claim that the student wrote the names of other students involved in an incident that occurred on January 25, 2013, and produced a piece of paper which contained  Noah Dietchweiler's name, which such paper contained  a list of students that purportedly owed him money for pills he took to school.

ANSWER: Defendants admit the allegations contained in paragraph 8 of Plaintiff's complaint.

9.     Defendants Lucas and Bunting concluded that Noah Dietchweiler's name on one or more of the lists was evidence that Noah Dietchweiler had been provided with prescription medication pills at school.

ANSWER: Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Toward the end of the school day on January 25, 2013, Defendant Bunting and Lucas called Noah Dietchweiler to the office and interrogated Noah. Neither Defendants Lucas nor Bunting told Noah Dietchweiler specifically the allegations that implicated him in the matter involving another student bringing prescription medication to school and providing such medication to other students and did not provide Noah Dietchweiler with a written statement of the charges against him. They specifically withheld revealing the existence of the lists and circumstances related to them by the student they interviewed who brought the prescription drugs to school.

ANSWER: Defendants admit that Defendants Bunting and Lucas met with Noah Dietchweiler on January 25, 2013 but deny the remaining allegations contained in Paragraph 10..

11.     At the aforesaid meeting, Defendant Lucas, in the presence of Defendant Bunting, told Noah Dietchweiler that he knew all of the facts and that if Noah Dietchweiler did not admit to possession and consumption of prescription medication not belonging to him that rather than being suspended (upon confession), Noah would be expelled (upon proclaiming innocence).

ANSWER: Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Noah replied to the choice of being suspended or expelled with a simple statement of "whatever" and ultimately signed the document attached hereto as Exhibit "1" as he was led to believe that action was the only way he would not be expelled and be able to make up work.

ANSWER: Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     The only reason that Noah Dietchweiler signed Exhibit "1" was the combination of failure to advise Noah of all of the evidence against him and false and coercive threats of Defendants Lucas and Bunting.

ANSWER: Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     After Noah Dietchweiler signed Exhibit "1" Plaintiff, Ann Dietchweiler (Noah's mother), was summoned to the Watseka High School office and notified that Noah Dietchweiler was being suspended for 10 days. Plaintiff, Ann Dietchweiler, asked that her husband and father of Noah be called (Michael Dietchweiler), and ultimately, there was a telephone conference on the office speaker phone in which Defendants Lucas and Bunting were present, Plaintiffs, Noah Dietchweiler and Ann Dietchweiler, were present, and Michael Dietchweiler participated on the telephone.  During that telephone conversation. no details of the alleged evidence against Noah Dietchweiler were disclosed, the existence of the lists were not disclosed, the claim that Noah confessed to consuming pills the day before was not disclosed and they were led to believe all of Noah's alleged acts occurred on January 25, 2013, the threat of expulsion in the event of a claim of innocence was not disclosed, and Defendants Lucas and Bunting only indicated that Noah had

cooperated.  The only purported written summary of evidence disclosed during the telephone conference was Exhibit "1".

ANSWER:  Defendants admit that Defendants Lucas and Bunting contacted Plaintiff Ann Dietchweiler regarding Noah Dietchweiler's suspension.  Defendants further admit that Defendants Lucas and Bunting had a telephone conference in which Michael Dietchweiler participated regarding Noah's suspension.  Defendants deny the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     After the telephone conference aforesaid, Noah Dietchweiler  returned home with his mother, and when confronted by his father as to the alleged basis for the suspension,  Noah Dietchweiler revealed that he had not consumed drugs, had not been in possession of drugs, and at that time revealed that before he had an opportunity to tell his story and without being told of the facts that implicated him, he had been coerced into signing the suspension under a threat that if he did not sign for a suspension that he would be expelled.

ANSWER:  Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Noah Dietchweiler's father knew that if Noah in fact had been guilty of ingesting prescription medication that those drugs would still be in his system, and Noah was taken to a hospital where drug testing was done under Federal Aviation Administration chain of custody protocols, and those results revealed that Noah Dietchweiler had no drugs whatsoever in his system, including but not limited to the claimed prescription medication  that Noah allegedly possessed and ingested.

ANSWER: Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     The aforesaid results conclusively established that Noah Dietchweiler could not have been in possession of drugs through ingestion of the same on January 25, 2013, or for several days before that.

ANSWER: Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     When the results of the drug test were available, Noah Dietchweiler through his father supplied Defendant, KENNETH LEE, the Superintendent of Schools, with the results of the drug testing. and initially, Superintendent Lee offered to meet with the family, but then abruptly refused to meet.  Between the time that Defendant Lee offered to meet and then refused to meet, on information and belief, Plaintiffs allege that Defendant Lee provided Defendants Bunting and Lucas with the results of the drug testing and Defendants Bunting and Lucas then fabricated an alleged confession by Noah for consumption  of drugs the day previous to January 25, 2013, to support  upholding the suspension at the anticipated review hearing before the Board of Education with the intent to prejudice and surprise Noah Dietchweiler.

ANSWER: Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Noah Dietchweiler, by his father and next friend, requested a suspension  review hearing and, to prepare for that hearing, requested certain information  as delineated in the letter from Michael Dietchweiler attached hereto as Exhibit "2".

ANSWER: Defendants admit the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendant Lee and Defendant, IROQUOIS COUNTY  COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS, provided no information whatsoever in response to the letter from Michael Dietchweiler  and ultimately sent a notice of scheduling a suspension review hearing before the Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS, and a copy of that notice which contained no details of the evidence against Noah is attached hereto as Exhibit "3".

ANSWER:  Defendants admit Exhibit 3 is a copy of the notice of review hearing but deny the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Noah Dietchweiler retained counsel and through counsel received from attorney for the Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS, a confirmation that Noah would not be provided with any pre-trial disclosures  guaranteeing that Noah Dietchweiler's opportunity to respond to the allegations against him at the suspension review hearing could not be meaningful.  The response from counsel was simply to deny providing any information under a blanket assertion that pre- trial discovery is not required in suspension matters, contrary to the clear constitutional mandate that pre-hearing notice of the charges and evidence against the accused student must be provided in sufficient detail to allow a meaningful defense.  The blanket denial letter is attached hereto as Exhibit "4".

ANSWER:  Defendants admit that Exhibit 4 is a letter from counsel to Noah Dietchweiler's counsel.  Defendants deny the remaining allegations contained in Paragraph No. 21 of Plaintiff's Complaint.

22.     Counsel for Noah Dietchweiler reminded Defendant IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9,IROQUOIS COUNTY, ILLINOIS, of its obligation to provide sufficient pre-hearing disclosures to allow for a meaningful presentation in light of the fact that the Defendants Lee, Bunting and Lucas had in their possession conclusive scientific evidence that Noah Dietchweiler could not have been guilty of ingesting the alleged prescription medication  on or about January 25, 2013, and pre-trial disclosure of the evidence against Noah needed to be revealed to allow a meaningful defense (Exhibit "5").  No information was provided except the previous letter that Defendants Bunting and Lee would testify.

ANSWER:  Defendants admit Exhibit 5 is a letter from Noah Dietchweiler's counsel.  Defendants the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     A hearing was had before the Board of Education of the IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9,1ROQUOIS COUNTY, ILLINOIS, on February 5, 2013, and attached hereto is a copy of the minutes of such meeting (the portion of the minutes relating to Noah is the portion relating to Student #I 0168)(Exhibit "6").  At the hearing, Defendants Bunting and Lucas acknowledged that the only written explanation of the evidence against Noah Dietchweiler provided to the family was the Notice of Student Disciplinary Action attached hereto as Exhibit "1", but for the first time known to Noah Dietchweiler  and his representatives, testimony without supporting exhibits or documents was presented by both

Defendant Bunting and Defendant Lucas that the basis for the suspension was that Noah Dietchweiler confessed to possession and consumption of drugs before school began the day previous to the date of the investigation on January 25, 2013, and that Noah indicated he had taken the drugs hoping that they would provide assistance in his concentration or alleviating an ADD condition but that he felt they were more indicative of some type of a narcotic.

ANSWER: Defendants admit that Exhibit 6 is a copy of minutes from a school board meeting held February 5, 2013. Defendants deny the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     The Defendants Lee, Bunting and Lucas intentionally withheld information that Lucas and Bunting were going to both testify that the claimed infraction happened on a different day than January 25, 2013, the day which all of the documentation to date, Exhibit "1" and the telephone conversation with the parents had revealed in spite of the request of Noah Dietchweiler's representatives for disclosure of information.

ANSWER: Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     Noah Dietchweiler and his representatives had brought witnesses to the suspension review hearing to testify at the hearing as to the events of January 25, 2013, to supplement the conclusive scientific evidence already provided to all Defendants that Noah could not have possessed the alleged prescription pills by ingestion, but they were prejudiced and prevented from providing evidence in defense of Noah as to the claims of January 24, 2013, by the fact that ultimately the claims by the administrators at the high school were that Noah Dietchweiler was guilty of an infraction on the previous day in one or more of the following manners: a) a family

member of the student who allegedly brought pills to school has informed Michael Dietchweiler after the suspension review hearing that the prescription was not filled for the pills taken to school until after the time of the alleged consumption of Noah on January 24, 2013, and Noah could have presented that evidence; b) Noah could have produced independent witnesses as to his whereabouts on January 24, 2013, at the time of the alleged consumption; c) Noah could have produced teachers, other students, family members, and other witnesses that Noah exhibited no symptoms of the alleged narcotic effect claimed: by Defendants Bunting and Lucas to have been caused by ingestion of pills on January 24, 2013.

ANSWER: Defendants deny the allegations made in Paragraph 26 of Plaintiff's Complaint.

26.     The Defendants, JAMES BRUNS, in his official capacity; DON BECKER, in his official capacity; BRENNA JOHNSON, in her official capacity; CRYSTAL BLAIR, in her official capacity; BOB BURD, in his official capacity; KIRK McTAGGERT, in his official capacity; and DEE SCHIPPERT, in her official capacity, and the IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS, in spite of the fact that Noah Dietchweiler denied taking drugs the previous day denied confessing to taking drugs the previous day, and the Defendants having in their possession concrete scientific evidence that Noah Dietchweiler could not have ingested drugs on January 25, 2013, or January 24, 2013, and with knowledge that the Dietchweilers were not provided with the evidence against Noah relating to the alleged confession of ingesting drugs on January 24, 2013, until the hearing, the Defendant Board of Education upheld the suspension. After the hearing, the Board amended the charges to provide for mere possession rather than possession by consumption.

ANSWER:   Defendants admit the suspension was upheld but deny the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Noah Dietchweiler was not guilty of possession of drugs by ingestion on January 24, 2013, and had Defendants complied with 1051LCS 5/10-22.6(b), Noah Dietchweiler and his representatives would have presented additional evidence in furtherance of the submitted clear and convincing evidence of his innocence.

ANSWER: Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     The decisions  to suspend Noah Dietchweiler and uphold the Suspension were arbitrary, capricious, unreasonable and oppressive, and are reviewable by the Court by common law certiorari  (Linwood v. Board of Education, 463 F.2d 763 (7th Cir. 1972) and must be reversed.

ANSWER: Defendants admit the decisions are reviewable by the Court by common law certiorari but deny the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

### COUNT III

**(Pendent State Claim Intentional Infliction of Emotional Distress
Noah Dietchweiler, by Michael Dietchweiler, His Father and Next Friend-
Defendants Lucas and Bunting)**

1.     At all times relevant hereto, NOAH DIETCHWEJLER was a resident of Iroquois County, Illinois.

ANSWER:  Defendants have insufficient information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      At all times relevant hereto, STEVE LUCAS was employed as a Dean of Students at Watscka High School with Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      At all times relevant hereto, JAMES BUNTING was employed as Principal of Watscka High School with Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      At all times relevant hereto, Defendants, JAMES BRUNS, in his official capacity; DON BECKER, in his official capacity; BRENNA JOHNSON, in her official capacity; CRYSTAL BLAIR, in her official capacity; BOB BURD, in his official capacity; KIRK McTAGGERT, in his official capacity; and DEE SCHIPPERT, in her official capacity, were members; of the Board of Education of IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.    On or about January 25, 2013, Defendants Bunting and Lucas began an investigation relating to a report that a student had brought prescription drugs to Watseka High School that day and was possibly distributing pills from such prescription medication to other students.

ANSWER: Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.    During the course of the investigation by Defendants Lucas and Bunting, Defendants Lucas and Bunting purportedly interviewed the student suspected of bringing the prescription medication to school, and those Defendants claim that the student wrote the names of other students involved in an incident that occurred on January 25, 2013, and produced a piece of paper which contained Noah Dietchweiler's name, which such paper contained a list of students that purportedly owed him money for pills he took to school.

ANSWER: Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.    Defendants Lucas and Bunting concluded that Noah Dietchweiler's name on one or more of the lists was evidence that Noah Dietchweiler had been provided with prescription medication pills at school.

ANSWER: Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.    Toward the end of the school day on January 25, 2013, Defendant Bunting and Lucas called Noah Dietchweiler to the office and interrogated Noah. Neither Defendants Lucas nor Bunting told Noah Dietchweiler specifically the allegations that implicated him in the matter

involving another student bringing prescription medication to school and providing such medication to other students and did not provide Noah Dietchweiler with a written statement of the charges against him. They specifically withheld revealing the existence of the lists and circumstances related to them by the student they interviewed who brought the prescription drugs to school.

ANSWER: Defendants Bunting and Lucas admit to meeting with Noah Dietchweiler on January 25, 2013 but deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     At the aforesaid meeting, Defendant Lucas, in the presence of Defendant Bunting, told Noah Dietchweiler that he knew all of the facts and that if Noah Dietchweiler did not admit to possession and consumption of prescription medication not belonging to him that rather than being suspended (upon confession), Noah would be expelled (upon proclaiming innocence).

ANSWER: Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Noah replied to the choice of being suspended or expelled with a simple statement of "whatever" and ultimately signed the document attached hereto as Exhibit "1" as he was led to believe that action was the only way he would not be expelled and be able to make up work.

ANSWER: Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     The only reason that Noah Dietchweiler signed Exhibit "1" was the combination of failure to advise Noah of all of the evidence against him and false and coercive threats of Defendants Lucas and Bunting.

ANSWER: Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

      12.     After Noah Dietchweiler signed Exhibit "1", Plaintiff, Ann Dietchweiler (Noah's mother), was summoned to the Watseka High School office and notified that Noah Dietchweiler was being suspended for 10 days.  Plaintiff, Ann Dietchweiler, asked that her husband and father of Noah be called (Michael Dietchweiler), and ultimately, there was a telephone conference on the office speaker phone in which Defendants Lucas and Bunting were present, Plaintiffs,  Noah Dietchweiler and Ann Dietchweiler, were present, and Michael Dietchweiler participated  on the telephone.  During that telephone conversation, no details of the alleged evidence against Noah Dietchweiler were disclosed, the existence of the lists were not disclosed, the claim that Noah confessed to consuming pills the day before was not disclosed and they were led to believe all of Noah1s alleged acts occurred on January 25, 2013, the threat of expulsion in the event of a claim of innocence was not disclosed, and Defendants Lucas and Bunting only indicated  that Noah had cooperated.  The only purported written summary of evidence disclosed during the telephone conference was Exhibit "1".

ANSWER:  Defendants Lucas and Bunting admit to contacting Plaintiff Ann Dietchweiler regarding Noah Dietchweiler's suspension.  Defendants Lucas and Bunting further admit there was a telephone conference in which Michael Dietchweiler participated regarding Noah's suspension.  Defendants Lucas and Bunting deny the remaining allegations contained in Paragraph 12 o Plaintiff's Complaint.

13.     After the telephone conference aforesaid, Noah Dietchweiler returned home with his mother, and when confronted by his father as to the alleged basis for the suspension, Noah Dietchweiler revealed that he had not consumed drugs, had not been in possession of drugs. and at that time revealed that before he had an opportunity to tell his story and without being told of the facts that implicated him, he had been coerced into signing the suspension under a threat that if he did not sign for a suspension that he would be expelled.

ANSWER: Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Noah Dietchweiler's father knew that if Noah in fact had been guilty of ingesting prescription medication that those drugs would still be in his system,  and Noah was taken to a hospital where drug testing was done under Federal Aviation Administration chain  of custody protocols, and those results revealed that Noah Dietchweiler had no drugs whatsoever in his system, including but not limited  to the claimed  prescription medication that Noah  allegedly possessed and ingested.

ANSWER: Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     The aforesaid  results conclusively established that Noah Dietchweiler could not have been in possession of drugs through ingestion of the same on January 25, 2013,  or for several days before that.

ANSWER: Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     When the results of the drug test were available, Noah Dietchweiler through his father, supplied Defendant, KENNETH LEE, the Superintendent of Schools, with the results of the drug testing, and initially, Superintendent Lee offered to meet with the family, but then abruptly refused to meet. Between the time that Defendant Lee offered to meet and then refused to meet, on information and belief, Plaintiff alleges that Defendant Lee provided Defendants Bunting and Lucas with the results of the drug testing and Defendants Bunting and Lucas then fabricated an alleged confession by Noah for consumption of drugs the day previous to January 25, 2013, to support upholding the suspension at the anticipated review hearing before the Board of Education all with the intent to prejudice and surprise Noah Dietchweiler.

ANSWER: Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     A hearing was had before the Board of Education of the IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS, on February 5, 2013, and attached hereto is a copy of the minutes of such meeting (the portion of the minutes relating to Noah is the portion relating to Student #10168) (Exhibit "6"). At the hearing, Defendants Bunting and Lucas acknowledged that the only written explanation of the evidence against Noah Dietchweiler provided to the family was the Notice of Student Disciplinary Action attached hereto as Exhibit "1",but for the first time known to Noah Dietchweiler and his representatives, testimony without supporting exhibits or documents was presented by both Defendant Bunting and Defendant Lucas that the basis for the suspension was that Noah Dietchweiler confessed to possession and consumption of drugs before school began the day previous to the date of the investigation on January 25, 2013, and that Noah indicated he had taken

the drugs hoping that they would provide assistance in his concentration or alleviating an ADD condition but that he felt they were more indicative of some type of a narcotic.

ANSWER: Defendants admit that Exhibit 6 is a copy of minutes from a school board meeting held February 5, 2013. Defendants deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    The Defendants Bunting and Lucas intentionally withheld information that Lucas and Bunting were going to both testify that the claimed infraction happened on a different day than January 25, 2013, the day which all of the documentation to date, Exhibit "1" and the telephone conversation with the parents had revealed in spite of the request of Noah Dietchweiler's representatives for disclosure of information.

ANSWER: Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.    Noah Dietchweiler did not possess or ingest prescription pills on January 24,2013, nor on January 25, 2013, and did not state to Defendants Bunting and Lucas that he had done so.

ANSWER: Defendants deny the allegation contained in Paragraph 19 of Plaintiff's Complaint.

20.    The actions of Defendants Bunting and Lucas in fabricating the alleged confession by Noah when they knew he had neither confessed or had ingested drugs on January 24 or 25, 2013, were intended to cause significant emotional distress to Noah Dietchweiler and did proximately cause substantial emotional distress to Noah Dietchweiler.

ANSWER: Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Under the circumstances aforesaid, the actions of Defendants Bunting and Lucas were malicious and outrageous and warrant the imposition of punitive damages.

ANSWER: Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

<u>COUNT IV</u>

<u>(Pendent State Claim - Slander  as to Noah Dietchweiler against<br>Defendants  Bunting and Lucas)</u>

1.     At all times relevant hereto, NOAH DIETCHWEILER was a resident of Iroquois County, Illinois.

ANSWER:   Defendants have insufficient information to either admit or deny the allegations contained in Paragraph 1.

2.     At all times relevant hereto, STEVE LUCAS was employed as a Dean of Students at Watseka High School with Defendant, IROQUOIS. COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO.9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in Paragraph 2.

- 32 -

3.      At all times relevant hereto, JAMES BUNTING was employed as Principal of Watseka High School with Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in Paragraph 3.

4.      At all times relevant hereto, Defendants, JAMES BRUNS, in his official capacity; DON BECKER, in his official capacity; BRENNA JOHNSON, in her official capacity; CRYSIAL BLAIR, in her official capacity; BOB BURD, in his official capacity; KIRK McTAGGERT, in his official capacity; and DEE SCHIPPERT, in her official capacity, were members of the Board of Education of IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendants admit the allegations contained in Paragraph 4.

5.      On or about January 25, 2013, Defendants Bunting and Lucas began an investigation relating to a report that a student had brought prescription drugs to Watseka High School that day and was possibly distributing pills from such prescription medication to other students.

ANSWER: Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      During the course of the investigation by Defendants Lucas and Bunting, Defendants Lucas and Bunting purportedly interviewed the student suspected of bringing the prescription medication to school, and those Defendants claim that the student wrote the names of

other students involved in an incident that occurred on January 25, 2013, and produced a piece of paper which contained Noah Dietchweiler's name, which such paper contained a list of students that purportedly owed him money.  ·

ANSWER:  Defendants admit the allegations contained in Paragraph 6.

7.      Defendants Lucas and Bunting concluded that Noah Dietchweiler's name on one or more of the lists was evidence that Noah Dietchweiler had been provided  with prescription medication pills at school.

ANSWER:  Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      Toward the end of the school day on January25, 2013, Defendant Bunting and Lucas called Noah Dietchweiler to the office and interrogated Noah.  Neither Defendants Lucas nor Bunting told Noah Dietchweiler specifically the allegations that implicated him in the matter involving another student bringing prescription medication to school and providing such medication to other students and did not provide Noah Dietchweiler with a written statement of the charges against him.  They specifically withheld revealing  the existence of the lists and circumstances related to them by the student they interviewed who brought the prescription drugs to school.

ANSWER:  Defendants admit that Defendants Bunting and Lucas met with Noah Dietchweiler on January 25, 2013 but deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     At the aforesaid meeting, Defendant Lucas, in the presence of Defendant Bunting, told Noah Dietchweiler that he knew all of the facts and that if Noah Dietchweiler did not admit to possession and consumption of prescription medication not belonging to him that rather than being suspended (upon confession), Noah would be expelled (upon proclaiming innocence).

ANSWER: Defendants deny the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.     Noah replied to the choice of being suspended or expelled with a simple statement of "whatever" and ultimately signed the document attached hereto as Exhibit "1" as he was led to believe that action was the only way he would not be expelled and be able to make up work.

ANSWER: Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint as neither have knowledge of Plaintiff's state of mind.

11.     The only reason that Noah Dietchweiler signed Exhibit "1" was the combination of failure to advise Noah of all of the evidence against him and false and coercive threats of Defendants Lucas and Bunting.

ANSWER: Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint..

12.     After Noah Dietchweiler signed Exhibit "1" ,Plaintiff, Ann Dietchweiler (Noah's mother), was summoned  to the Watseka High School office and notified that Noah Dietchweiler was being suspended for 10 days.  Plaintiff, Ann Dietchweiler, asked that her husband and father of

Noah be called (Michael Dietchweiler), and ultimately, there was a telephone conference on the office speaker phone in which Defendants Lucas and Bunting were present, Plaintiffs, Noah Dietchweiler and Ann Dietchweiler, were present, and Michael Dietchweiler participated on the telephone. During that telephone conversation, no details of the alleged evidence against Noah Dietchweiler were disclosed, the existence of the lists were not disclosed, the claim that Noah confessed to consuming pills the day before was not disclosed, the threat of expulsion in the event of a claim of innocence was not disclosed, and Defendants Lucas and Bunting led them to believe all alleged acts occurred on January 25, 2013, and only indicated that Noah had cooperated. The only purported written summary of evidence disclosed during the telephone conference was Exhibit "1".

ANSWER: Defendants admit Defendants Lucas and Bunting contacted Plaintiff Ann Dietchweiler regarding Noah Dietchweiler's suspension. Defendants admit that Defendnats Lucas and Bunting had a telephone conference in which Michael Dietchweiler participated regarding Noah's suspension. Defendants deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     After the telephone conference aforesaid, Noah Dietchweiler returned home with his mother, and when confronted by his father as to the alleged basis for the suspension, Noah Dietchweiler revealed that he had not consumed drugs, had not been in possession of drugs, and at that time revealed that before he had an opportunity to tell his story and without being told of the facts that implicated him, he had been coerced into signing the suspension under a threat that if he did not sign for a suspension that he would be expelled.

ANSWER: Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Noah Dietchweiler's father knew that if Noah in fact had been guilty of ingesting prescription medication  that those drugs would still be in his system, and Noah was taken to a hospital where drug testing was done under Federal Aviation Administration chain of custody protocols, and those results revealed that Noah Dietchweiler had no drugs whatsoever in his system, including but not limited to the claimed prescription medication that Noah allegedly possessed  and ingested

ANSWER: Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     The aforesaid results conclusively established that Noah Dietchweiler could not have been in possession of drugs through ingestion of the same on January 25, 2013, or for several days before that.

ANSWER: Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     When the results of the drug test were available, Noah Dietchweiler through his father supplied Defendant, KENNETH LEE, the Superintendent of Schools, with the results of the drug testing, and initially, Superintendent Lee offered to meet with the family, but then abruptly refused to meet.  Between the time that Defendant Lee offered to meet and then refused to meet, on information  and belief, Plaintiff alleges that Defendant Lee provided Defendants Bunting  and Lucas with the results of the drug testing and Defendants Bunting and Lucas then fabricated an

alleged confession by Noah for consumption of drugs the day previous to January 25, 2013, to support upholding the suspension at the anticipated review hearing before the Board of Education.

ANSWER: Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.    A hearing was had before the Board of Education of the IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY.ILLINOIS, on February 5, 2013, and attached hereto is a copy of the minutes of such meeting (the portion of the minutes relating to Noah is the portion relating to Student #10168) (Exhibit "6"). At the hearing, Defendants Bunting and Lucas acknowledged that the only written explanation of the evidence against Noah Dietchweiler provided to the family was the Notice of Student Disciplinary Action attached hereto as Exhibit "1" but for the first time known to Noah Dietchweiler and his representatives, testimony without supporting exhibits or documents was presented by both Defendant Bunting and Defendant Lucas that the basis for the suspension was that Noah Dietchweiler confessed to possession and consumption of drugs before school began the day previous to the date of the investigation on January 25, 2013, and that Noah indicated he had taken the drugs hoping that they would provide assistance in his concentration but that he felt they were more indicative of some type of a narcotic.

ANSWER: Defendants admit that Exhibit 6 is a copy of minutes from a school board meeting held February 5, 2013. Defendants deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     The Defendants Bunting and Lucas intentionally withheld information that Lucas and Bunting were going to both testify that the claimed infraction happened on a different day than January 25, 2013, the day which all of the documentation to date, Exhibit "1" and the telephone conversation with the parents had revealed in spite of the request of Noah Dietchweiler's representatives for disclosure of information.

ANSWER: Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Noah Dietchweiler did not possess or ingest prescription pills on January 24, 2013, nor on January 25, 2013, and did not state to Defendants Bunting and Lucas that he had done so.

ANSWER: Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendants Lucas and Bunting knew the statements that they made against Noah Dietchweiler at the suspension review hearing that Noah ingested prescription pills on January 24, 2013, were false, were known to be false by Defendants Lucas and Bunting, and such statements were malicious.

ANSWER: Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

23.     As a direct and proximate result of the false statements of Defendants Lucas and Bunting, Noah Dietchweiler's suspension from school was upheld and he will have expenses in ultimately repeating his sophomore year at a private school and has sustained damages to his reputation, which prior to the false statements was stellar.

- 39 -

ANSWER: Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.


## COUNT V

### (Pendent State Claim- Intentional Emotional Distress- Defendant Kenneth Lee)

1.     At all times relevant hereto, NOAH DIETCHWEILER was a resident of Iroquois County, Illinois.


ANSWER:  Defendant Lee has insufficient information to either admit or deny the allegation in Paragraph 1 of Plaintiff's Complaint.


2.     At all times relevant hereto, STEVE LUCAS was employed as a Dean of Students at Watseka High School with Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.


ANSWER: Defendant Lee admits the allegation in Paragraph 2 of Plaintiff's Complaint.


3.     At all times relevant hereto, JAMES BUNTING was employed as Principal of Watseka High School with Defendant IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.


ANSWER: Defendant Lee admits the allegation in Paragraph 3 of Plaintiff's Complaint.

4.      At all times relevant hereto, KENNETH LEE was employed as the Superintendent of Watseka High School with Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendant Lee admits the allegation in Paragraph 4 of Plaintiff's Complaint.

5.      At all times relevant hereto, Defendants, JAMES BRUNS, in his official capacity; DON BECKER, in his official capacity; BRENNA JOHNSON, in her official capacity; CRYSTAL BLAIR, in her official capacity; BOB BURD, in his official capacity; KIRK McTAGGERT, in his official capacity; and DEE SCHIPPERT, in her official capacity, were members of the Board of Education of IROQUOIS COUNTY COMMUNITY  UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.

ANSWER: Defendant Lee admits the allegation in Paragraph 5 of Plaintiff's Complaint.

6.      On or about January 25, 2013, Defendants Bunting and Lucas began an investigation relating to a report that a student had brought prescription drugs to Watseka High  School that day and was possibly distributing pills from such prescription medication to other students.

ANSWER: Defendant Lee admits the allegation contained in paragraph 6 of Plaintiff's Complaint.

7.      During the course of the investigation by Defendants Lucas and Bunting. Defendants Lucas and Bunting purportedly interviewed the student suspected of bringing the prescription medication to school, and those Defendants claim that the student wrote the names of

- 41 -

other students involved in an incident that occurred on January 25, 2013, and produced a piece of paper which contained Noah Dietchweiler's name, which such paper contained a list of students that purportedly owed him money.

ANSWER: Defendant Lee admit the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.     Defendants Lucas and Bunting concluded that Noah Dietchweiler's name on one or more of the lists was evidence that Noah Dietchweiler had been provided with prescription medication pills at school.

ANSWER: Defendant Lee denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.     Toward the end of the school day on January 25, 2013, Defendant Bunting and Lucas called Noah Dietchweiler to the office and interrogated Noah.  Neither Defendants  Lucas nor Bunting told Noah Dietchweiler specifically the allegations that implicated him in the matter involving another student bringing prescription medication to school and providing such medication to other students and did not provide Noah Dietchweiler with a written statement  of the charges against him. They specifically withheld revealing the existence of the lists and circumstances related to them by the student they interviewed who brought the prescription drugs to school.

ANSWER:  Defendant Lee admits that Defendant Bunting and Defendant Lucas had a  meeting with Noah Dietchweiler on January 25, 2013 but denies the remaining allegations contained in Paragraph 9.

10.    At the aforesaid meeting, Defendant Lucas, in the presence of Defendant Bunting, told Noah Dietchweiler that he !mew all of the facts and that if Noah Dietchweiler did not admit to possession and consumption of prescription medication not belonging to him that rather than being suspended (upon confession), Noah would be expelled (upon proclaiming innocence).

ANSWER:   Defendant Lee denies the allegations contained in Paragraph 10 as Defendant was not present at said meeting.

11.    Noah replied to the choice of being suspended or expelled with a simple statement of "whatever" and ultimately signed the document attached hereto as Exhibit "1" as he was led to believe that action was the only way he would not be expelled and be able to make up work.

ANSWER:  Defendant Lee denies the allegations contained in Paragraph 11 as Defendant was not present at said meeting.

12.    The only reason that Noah Dietchweiler signed Exhibit "1" was the combination of failure to advise Noah of all of the evidence against him and false and coercive threats of Defendants Lucas and Bunting.

ANSWER:  Defendant Lee denies the allegations contained in Paragraph 12 of Plaintiff's Complaint as the allegations refer to Plaintiff's state of mind.

13.    After Noah Dietchweiler signed Exhibit "1", Plaintiff, Ann Dietchweiler (Noah's mother), was summoned  to the Watseka High School office and notified that Noah Dietchweiler

was being suspended for 10 days.  Plaintiff, Ann Dietchweiler, asked that her husband and father of Noah be called (Michael Dietchweiler), and ultimately, there was a telephone conference on the office speaker phone in which Defendants Lucas and Bunting were present, Plaintiffs, Noah Dietchweiler and Ann Dietchweiler, were present, and Michael Dietchweiler participated on the telephone.  During that telephone conversation, no details of the alleged evidence against Noah Dietchweiler were disclosed, the existence of the lists were not disclosed. the claim that Noah confessed to consuming pills the day before was not disclosed, the threat of expulsion in the event of a claim of innocence was not disclosed, and Defendants Lucas and Bunting only indicated that Noah had cooperated.  The only purported written summary of evidence disclosed during the telephone conference was Exhibit "1".

ANSWER:  Defendant Lee admits that upon information and belief Defendants Lucas and Bunting spoke with Ann and Michael Dietchweiler on January 25, 2013.    Defendant Lee denies the remaining allegations contained in paragraph 13.

14.    After the telephone conference aforesaid, Noah Dietchweiler returned home with his mother, and when confronted by his father as to the alleged basis for the suspension, Noah Dietchweiler revealed that he had not consumed drugs, had not been in possession of drugs, and at that time revealed that before he had an opportunity to tell his story and without being told of the facts that implicated him, he had been coerced into signing the suspension under a threat that if he did not sign for a suspension that he would be expelled.

ANSWER:    Defendant Lee denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.      Noah Dietchweiler's father knew that if Noah in fact had been guilty of ingesting prescription medication   that those drugs would still be in his system, and Noah was taken to a hospital where drug testing was done under Federal Aviation Administration chain of custody protocols, and those results revealed that Noah Dietchweiler had no drugs whatsoever in his system, including but not limited to the claimed prescription medication that Noah allegedly possessed and ingested.

ANSWER:   Defendant Lee denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.      The aforesaid results conclusively established that Noah Dietchweiler could not have been in possession of drugs through ingestion of the same on January 25, 2013, or for several days before that.

ANSWER:   Defendant Lee denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.      When the results of the drug test were available, Noah Dietchweiler through his father supplied Defendant, KENNETH LEE, the Superintendent of Schools, with the results of the drug testing, and initially, Superintendent Lee offered to meet with the family, but then abruptly refused to meet.  Between the time that Defendant Lee offered to meet and then refused to meet, on information and belief, Plaintiff alleges that Defendant Lee provided Defendants Bunting and Lucas with the results of the drug testing and Defendants Bunting and Lucas then fabricated an

alleged confession by Noah for consumption of drugs the day previous to January 25, 2013, to support upholding the suspension at the anticipated review hearing before the Board of Education.

ANSWER:  Defendant Lee Defendants denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.    A hearing was had before the Board of Education of the IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS, on February 5, 2013, and attached hereto is a copy of the minutes of such meeting (the portion of the minutes relating to Noah is the portion relating to Student #10168) (Exhibit "6").  At the hearing, Defendants Bunting and Lucas acknowledged that the only written explanation of the evidence against Noah Dietchweiler provided to the family was the Notice of Student Disciplinary Action attached hereto as Exhibit "1", but for the first time known to Noah Dietchweiler and his representatives, testimony without supporting exhibits or documents was presented by both Defendant Bunting and Defendant Lucas that the basis for the suspension was that Noah Dietchweiler confessed to possession and consumption of drugs before school began the day previous to the date of the investigation on January 25, 2013, and that Noah indicated he had taken the drugs hoping that they would provide assistance in his concentration but that he felt they were more indicative of some type of a narcotic.

ANSWER:  Defendant Lee admits that Exhibit 6 is a copy of minutes from a school board meeting held February 5, 2013. Defendant Lee  denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     The Defendants Bunting and Lucas intentionally withheld information that Lucas and Bunting were going to both testify that the claimed infraction happened on a different day than January 25, 2013, the day which all of the documentation to date, Exhibit "1" and the telephone conversation with the parents had revealed in spite of the request of Noah Dietchweiler's representatives for disclosure of information.

ANSWER:   Defendant Lee denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Noah Dietchweiler did not possess or ingest prescription pills on January 24, 2013, nor on January 25, 2013, and did not state to Defendants Bunting and Lucas that he had done so.

ANSWER:  Defendant Lee denies  the allegation contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant Lee knew the statements made by Defendants Lucas and Bunting were most probably false, but Defendant Lee wished to punish Noah Dietchweiler, because Noah Dietchweiler and his family previously informed the School District that due to Noah Dietchweiler's exceptional  academic abilities, that Noah would not be attending the public schools the next year in favor of attending an elite private academy to pursue a career in military aviation.

ANSWER:   Defendant Lee denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     As a direct and proximate result of Defendant Lee's intent to retaliate against Noah for his expressed intent of withdrawing from Watseka High School, Defendant Lee advanced statements that he knew probably to be false, refused to overturn the suspension imposed by Defendants Lucas and Bunting in the face of concrete scientific facts in showing that the basis for the suspension by Defendants Lucas and Bunting were false and helped facilitate the actions of Defendants Lucas and Bunting in withholding information of evidence against Noah Dietchweiler, most specifically the date of the alleged infraction and the claim of an alleged confession, to assure that the Board of Education would confirm the suspension at the suspension review hearing.

ANSWER:   Defendant Lee denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     As a direct and proximate result of Defendant Lee's action, Noah Dietchweiler's suspension was upheld.

ANSWER:  Defendant Lee denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

## COUNT VI

(Pendent State Claim - Plaintiff, Ann Dietchweiler - Intentional Infliction of Emotional Distress - Defendants Lucas and Lee in Their Individual Capacities)

1.     At all times relevant hereto, NOAH DIETCHWEILER and ANN DIETCHWEILER were a residents of Iroquois County, Illinois.

ANSWER:   Defendants have insufficient information to either admit or deny the   allegations contained in paragraph 1 of Plaintiff's Complaint.


2.      At all times relevant hereto, STEVE LUCAS was employed as a Dean of Students at Watseka High School with Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.


ANSWER: Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.


3.      At all times relevant hereto, JAMES BUNTING was employed as Principal of Watseka High School with Defendant, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS.


ANSWER: Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.


4.      At all times relevant hereto, Defendants, JAMES BRUNS, in his official capacity; DON BECKER, in his official capacity; BRENNA JOHNSON, in her official capacity; CRYSTAL BLAIR, in her official capacity; BOB BURD, in his official capacity; KIRK McTAGGERT, in his official capacity; and DEE SCHIPPERT, in her official capacity, were members of the Board of Education of IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO.9, IROQUOIS COUNTY, ILLINOIS.


ANSWER: Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. On or about January 25, 2013, Defendants Bunting and Lucas began an investigation relating to a report that a student had brought prescription drugs to Watseka High School that day and was possibly distributing pills from such prescription medication to other students.

ANSWER: Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. During the course of the investigation by Defendants Lucas and Bunting, Defendants Lucas and Bunting purportedly interviewed the student suspected of bringing the prescription medication to school, and those Defendants claim that the student wrote the names of other students involved in an incident that occurred on January 25, 2013, and produced a piece of paper which contained Noah Dietchweiler's name, which such paper contained a list of students that purportedly owed him money for pills he took to school.

ANSWER: Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants Lucas and Bunting concluded that Noah Dietchweiler's name on one or more of the lists was evidence that Noah Dietchweiler had been provided with prescription medication pills at school.

ANSWER: Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Toward the end of the school day on January 25, 2013, Defendant Bunting and Lucas called Noah Dietchweiler to the office and interrogated Noah. Neither Defendants Lucas nor Bunting told Noah Dietchweiler specifically the allegations that implicated him in the matter

involving another student bringing prescription medication to school and providing such medication to other students and did not provide Noah Dietchweiler with a written statement of the charges against him. They specifically withheld revealing the existence of the lists and circumstances related to them by the student they interviewed who brought the prescription drugs to school.

ANSWER: Defendants admit that on January 25, 2013 a meeting occurred with Noah Dietchweiler. Defendants deny the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      At the aforesaid meeting. Defendant Lucas, in the presence of Defendant Bunting, told Noah Dietchweiler that he knew all of the facts and that if Noah Dietchweiler did not admit to possession and consumption of prescription medication not belonging to him that rather than being suspended (upon confession), Noah would be expelled (upon proclaiming innocence).

ANSWER: Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Noah replied to the choice of being suspended or expelled with a simple statement of "whatever" and ultimately signed the document attached hereto as Exhibit "1" as he was led to believe that action was the only way he would not be expelled and be able to make up work.

ANSWER: Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     The only reason that Noah Dietchweiler signed Exhibit "1" was the combination of failure to advise Noah of all of the evidence against him and false and coercive threats of Defendants Lucas and Bunting.

ANSWER: Defendants deny the allegations contained in Paragraph 11.

12.     After Noah Dietchweiler signed Exhibit "1", Plaintiff, Ann Dietchweiler (Noah's mother), was summoned to the Watseka High School office and notified that Noah Dietchweiler was being suspended for 10 days. Plaintiff, Ann Dietchweiler, asked that her husband and father of Noah be called (Michael Dietchweiler), and ultimately, there was a telephone conference on the office speaker phone in which Defendants Lucas and Bunting were present, Plaintiffs, Noah Dietchweiler and Ann Dietchweiler, were present, and Michael Dietchweller participated on the telephone. During that telephone conversation, no details of the alleged evidence against Noah Dietchweiler were disclosed, the existence of the lists were not disclosed, the claim that Noah confessed to consuming pills the day before was not disclosed, the threat of expulsion in the event of a claim of innocence was not disclosed, and Defendants Lucas and Bunting led them to believe all alleged events occurred on January 25, 2013, and only indicated that Noah had cooperated. The only purported written summary of evidence disclosed during the telephone conference was Exhibit "1".

ANSWER: Defendants admit to speaking with Ann and Michael Dietchweiler on January 25, 2013. Defendants deny the remaining allegations in paragraph 12 of Plaintiff's Complaint.

13.     After the telephone conference aforesaid, Noah Dietchweiler returned home with his mother, and when confronted by his father as to the alleged basis for the suspension, Noah Dietchweiler revealed that he had not consumed drugs, had not been in possession of drugs, and at that time revealed that before he had an opportunity to tell his story and without being told of the facts that implicated him, he had been coerced into signing the suspension under a threat that if he did not sign for a suspension that he would be expelled.

ANSWER: Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Noah Dietchweiler's  father knew that if Noah in fact had been guilty of ingesting prescription  medication that those drugs would still be in his system, and Noah was taken to a hospital where drug testing was done under Federal Aviation Administration chain of custody protocols,  and those results revealed that Noah Dietchweiler had no drugs whatsoever in his system, including but not limited to the claimed prescription medication that Noah allegedly possessed  and ingested.

ANSWER: Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     The aforesaid results conclusively established that Noah Dietchweiler could not have been in possession of drugs through ingestion of the same on January 25, 2013, or for several days before that.

ANSWER: Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     When the results of the drug test were available, Noah Dietchweiler  through his father supplied Defendant, KENNETH LEE, the Superintendent of Schools, with the results of the drug testing, and initially, Superintendent Lee offered to meet with the family, but then abruptly refused to meet.  Between the time that Defendant Lee offered to meet and then refused to meet, on information and belief, Plaintiff alleged Defendant Lee provided Defendants Bunting and Lucas with the results and Defendants Bunting and Lucas then fabricated an alleged confession  by Noah

for consumption of drugs the day previous to January· 25, 2013, to support upholding the suspension at the anticipated review hearing before the Board of Education.

ANSWER: Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. A hearing was had before the Board of Education of the IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS, on February 5, 2013, and attached hereto is a copy of the minutes of such meeting (the portion of the minutes relating to Noah is the portion relating to Student #10168) (Exhibit "6"). At the hearing, Defendants Bunting and Lucas acknowledged that the only written explanation of the evidence against Noah Dietchweiler provided to the family was the Notice of Student Disciplinary Action attached hereto as Exhibit "1" but for the first time known to Noah Dietchweiler and his representatives, testimony without supporting exhibits or documents was presented that the basis for the suspension was that Noah Dietchweiler confessed to possession and consumption of drugs before school began the day previous to the date of the investigation on January 25, 2013, and that Noah indicated he had taken the drugs hoping that they would provide assistance in his concentration but that he felt they were more indicative of some type of a narcotic.

ANSWER: Defendants admit that Exhibit 6 is a copy of minutes from a school board meeting held February 5, 2013. Defendants deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. The Defendants Bunting and Lucas intentionally withheld information that they were going to both testify that the claimed infraction happened on a different day than January 25,

- 54 -

2013, which all of the documentation to date, Exhibit "1" and the telephone conversation with the parents had revealed and the request of Noah Dietchweiler's representatives for disclosure of information.

ANSWER: Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.    Noah Dietchweiler did not possess or ingest prescription pills on January  24, 2013, nor on January 25,2013, and did not state to Defendants Bunting and Lucas that he had done so.

ANSWER: Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.    The actions of Defendants Bunting  and Lucas were intended to cause significant emotional distress to Ann Dietchweiler and did proximately cause substantial emotional distress to Ann Dietchweiler.

ANSWER: Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.    Under the circumstances aforesaid,  the actions of Defendants Bunting and Lucas were outrageous and would  warrant the imposition of punitive  damages.

ANSWER: Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.    Defendants Lucas and Bunting knew the allegations that they made against Noah Dietchweiler that he ingested prescription pills on January 24, 2013, were false, were known to be false by Defendants Lucas and Bunting, and such statements were malicious.

ANSWER: Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

WHEREFORE, Defendants, STEVE LUCAS, JAMES BUNTING, KENNETH LEE, IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS; JAMES BRUNS DON BECKER, BRENNA JOHNSON, CRYSTAL BLAIR, BOB BURD, KIRK MCTAGGERT, DEE SCHIPPERT, respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and without costs to either party.

LAW OFFICES OF LAWRENCE COZZI

By:    /S/ Shari D. Goggin-Ward
       SHARI D. GOGGIN-WARD

SHARI D. GOGGIN-WARD, Atty No. 06198703
LAW OFFICES OF LAWRENCE COZZI
Attorneys for Defendants
27201 Bella Vista Parkway, Suite 410
Warrenville, IL 60555-1619
(630) 393-2145  Phone
(603) 334-9765
WarrenvilleLegal@LibertyMutual.com

## AFFIDAVIT OF INSUFFICIENT KNOWLEDGE

Under penalties of perjury, as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS Section 1-109), the undersigned certifies that the statements set forth in the foregoing Answer are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.  Furthermore, the undersigned states that neither Defendants nor I have knowledge and information sufficient to form a belief as to the truth or falsity of the allegations as noted in the relevant paragraphs of Plaintiff's Complaint at Law.

DATED THIS _11_ day of _June_, 20_15_

/S/ Shari D. Goggin-Ward

SHARI D. GOGGIN-WARD

SHARI D. GOGGIN-WARD, Atty.  No.  06198703
LAW OFFICES OF LAWRENCE COZZI
Attorneys for Defendants
27201 Bella Vista Parkway, Suite 410
Warrenville, IL 60555-1619
(630) 393-2145  Phone
(603) 334-9765
WarrenvilleLegal@LibertyMutual.com

<u>CERTIFICATE OF SERVICE</u>

I, SHARI GOGGIN-WARD, (attorney) certify that I served the attached Defendants' Answer to Complaint by emailing a true and accurate copy thereof on June 11, 2013, to:


Michael J. Tague
Flynn, Palmer, Tague, Lyke & Jacobson
fpt5law@aol.com


                                         /s/ Shari D. Goggin-Ward
                                         _____
                                         Shari D. Goggin-Ward


Shari D. Goggin-Ward  # 06198703
LAW OFFICE OF LAWRENCE COZZI
Attorney for Defendants
27201 Bella Vista Parkway, Suite 410
Warrenville, IL 60555-1619
630-393-2145;  603-334-9765 (fax)
WarrenvilleLegal@LibertyMutual.com