IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| NOAH DIETCHWEILER, by MICHAEL DIETCHWEILER, his father and next friend; and ANN DIETCHWEILER, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. 13 CV 2062 JURY TRIAL DEMANDED |
| STEVE LUCAS, in his official and individual capacities; JAMES BUNTING, in his official and individual capacities; KENNETH LEE, in his official and individual capacities; IROQUOIS COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 9, IROQUOIS COUNTY, ILLINOIS; JAMES BRUNS, in his official capacity DON BECKER, in his official capacity; BRENNA JOHNSON, in her official capacity; CRYSTAL BLAIR, in her official capacity; BOB BURD, in his official capacity; KIRK MCTAGGERT, in his official capacity; and DEE SCHIPPERT, in her official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ADMISSION TO ALL DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)

Defendants, by and through their attorney, THE LAW OFFICES OF COZZI & GOGGIN-WARD, moves this Honorable Court to Strike the Plaintiffs' Request for Admissions under Federal Rule of Civil Procedure 12(f) and in support thereof state as follows:

1. On March 15, 2013 Plaintiffs' filed a Complaint against Defendants alleging a due process violation under 42 U.S.C. §1983, violation of an Illinois statute 105 ILCS 5/10-22.b(b), and the common law tort claims of slander and intentional infliction of emotional

distress. Plaintiffs allege, in essence, that Plaintiff Noah's suspension from school was in violation of his Constitutional rights. Exhibit A, Plaintiffs' Complaint.

2. On October 16, 2014 Defendants filed a motion for an extension of time to produce its remaining clients and for a corresponding extension to file a dispositive motion in this matter, due to the serious illness of the father of counsel for the Defendants. Exhibit B, Defendants Motion.

3. On October 16, 2014 the Court granted the Extension of Time. The new date for completing discovery was extended to December 1, 2014. Exhibit C, Court Order.

4. On November 24, 2014, Plaintiffs served Defendants with a 2nd Set of Request to Admit and a Supplemental Production request, only 3 days prior to the discovery deadline. (November 27th was Thanksgiving).

5. Plaintiffs were aware that the Defendants, a school system, were out for the holiday November 27 and 28, thus giving Defendants 2 days to complete the request.

6. In <u>Laborers' Pension Fund v. Blackmore Sewer Construction, Incorporated</u>, 298 F.3d 600 (2002), the Appellate Court upheld a lower court ruling that Requests for Admission served 5 days prior to the discovery cut off date, were untimely filed.

7. Pursuant to Federal Rules of Civil Procedure 33, 34 & 36 the Defendants are allowed 30 days to respond to interrogatories and production requests unless a shorter or longer time to respond has been stipulated pursuant to Federal Rule of Civil Procedure 29.

8. Pursuant to Local Rule 16.2(D) of the United States District Court Central District "the parties and their counsel are bound by the dates specified in the scheduling order absent a finding of due diligence and good cause for changing said dates.".

9. Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local rule 37.3, Counsel for Defendants sent a letter to counsel for Plaintiff on December 3, 2014, requesting the withdrawal of the untimely filed discovery. Exhibit D. Letter to opposing counsel.

10. To date, Defendants received a response to their request refusing to strike or modify said requests. Exhibit E, letter from opposing counsel.

11. Plaintiffs did not seek leave of this Honorable Court to file this discovery request late nor did Plaintiffs request an extension of the discovery schedule.

WHEREFORE, the Defendants respectfully request this Honorable Court to Strike Plaintiff's 2nd set of Requests for Admission and Plaintiffs' Supplemental Production Request in their entirety and for such other and further relief as this Honorable Court deems just and reasonable.

Respectfully submitted,

LAW OFFICES OF COZZI & GOGGIN-WARD
Attorney for Defendants

By:   /s/ Shari D. Goggin-Ward
       SHARI D. GOGGIN-WARD

SHARI D. GOGGIN-WARD, Atty. No. 06198703
LAW OFFICES OF COZZI & GOGGIN-WARD
Attorneys for Defendants
27201 Bella Vista Parkway, Suite 410
Warrenville, IL 60555-1619
(630) 393-2145 Phone; (603) 334-9765
WarrenvilleLegal@LibertyMutual.com

## CERTIFICATE OF SERVICE

      I, SHARI GOGGIN-WARD, (attorney) certify that I served the attached DEFENDANTS MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ADMISSION TO ALL DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f), by emailing a true and accurate copy thereof on December 15, 2014.

Michael J. Tague
Flynn, Palmer, Tague, Lyke & Jacobson
fpt5law@aol.com

                                              /s/ Shari D. Goggin-Ward
                                              _____
                                                   Shari D. Goggin-Ward

Shari D. Goggin-Ward, Attorney No. 6198703
LAW OFFICES OF COZZI & GOGGIN-WARD
Attorneys for Defendants
27201 Bella Vista Parkway, Suite 410
Warrenville, IL 60555-1619
(630) 393-2145  Phone
(603) 334-9765
WarrenvilleLegal@LibertyMutual.com